FILED
12/6/2019
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, DR. REESE, DR. HURST, MELISSA SCHARF, and CONNIE WINNER,<br><br>Defendants. | CV 19-00050-H-DLC-JTJ<br><br>ORDER |

Plaintiff Jason Newberry has filed a Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 alleging medical neglect while he has been incarcerated at Montana State Prison. Having reviewed and screened the Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but will provide Mr. Newberry leave to file an amended pleading by January 6, 2020 to cure the deficiencies identified herein.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Newberry is currently incarcerated at Montana State Prison. He names the State of Montana, Dr. Reese, Dr. Hurst, Melissa Scharf, and Connie Winner as Defendants.

1

## B. Factual Allegations

Mr. Newberry provides few factual allegations to support his claims of medical neglect. He alleges Dr. Reese, a doctor at MSP, changed "eqhural" [sic] medications without his consent and failed to follow a neuro surgeon's recommendations. He contends Dr. Hurst, another doctor at MSP, misdiagnosed his elbow injury caused by curling weights at the prison. He claims it took 23 weeks to get an x-ray which showed a broken bone and nothing has been done to treat the broken bone. He claims he reported a PREA incident against Dr. Hurst and Bill Weddington did nothing at all. He claims Connie Winners failed to follow doctor's orders. He makes no specific allegations against Melissa Scharf, the infirmary manager. He also claims that he suffered a back injury when he slipped on steps due to handrails not be up to code. He alleges the injury caused him to have to get spinal epidural shots and he is in a lot of pain most of the time. (Complaint, Doc. 1 at 6-7.)

## II. SCREENING STANDARD

Mr. Newberry has paid the filing fee for this matter but because he is a prisoner suing a governmental defendant the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served

if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S.

89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  SCREENING ANALYSIS

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that:  (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Mr. Newberry has not identified a violation of rights protected by the United States Constitution or by a federal statute.  His only allegation is of medical neglect.  As set forth below, negligence and/or medical malpractice is not a violation of the United States Constitution or a federal statute and is not cognizable under § 1983.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  As such, the Complaint is subject to dismissal.

## A. State of Montana

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana for monetary damages cannot be brought in federal court.

## B. Denial of Medical Care

Out of an abundance of caution, the Court will evaluate Mr. Newberry's claims under the Eighth Amendment. In order to prove a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106

(1976). Thus, in order to prevail, Mr. Newberry must show both that his medical needs were objectively serious, and that Defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989); *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is

insufficient. *Farmer*, 511 U.S. at 835. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

The Court will assume for purposes of this Order, that Mr. Newberry's back and elbow injuries are serious medical needs. He has not however, provided sufficient factual allegations to plausibly suggest that any named defendant was deliberately indifferent to those needs. First, Mr. Newberry has only alleged "medical neglect" which, as stated, is insufficient to state a claim under Section 1983. *Estelle*, 429 U.S. at 105–06 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilhelm v. Rotman*, 680

8

F.3d 1113, 1123 (9th Cir. 2012) (affirming dismissal of Eighth Amendment claim directed to prison physician whose alleged deliberate indifference to a serious medical need amounted only to negligent diagnosis or difference of opinion). A prison doctor's mistake, negligence, or malpractice does not establish deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 105-06. "Even gross negligence is insufficient . . . ." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1082 (9th Cir. 2013)(citation omitted). Moreover, allegations of a mere difference of opinion about the best way to treat his medical conditions is insufficient to state a claim for deliberate indifference. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a Section 1983 claim.").

Mr. Newberry's suggestion that there was a significant delay in obtaining an x-ray, in and of itself is also insufficient to state a claim. As the United States Supreme Court stated in *Estelle*, "the question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Estelle*, 429 U.S. at 107. There is no allegation that any named

9

Defendant knew or should have known that Mr. Newberry had a broken bone. He must provide additional facts to establish whether he complained about his injury, to whom, how often, what specifically he complained about, and what was the response. As currently stated, Mr. Newberry's allegations are insufficient to state a denial of medical care claim.

### C. PREA Report

Mr. Newberry also alleges that he made a PREA report which Defendant Weddington did nothing about. Mr. Newberry is advised that a prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (*citing Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion, and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). Mr. Newberry has made no such allegations rather his allegation seems to be that his PREA report was not properly handled or investigated.

10

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Here, there is no allegation that Defendant Weddington caused or involved in the PREA incident (whatever that may have been). Rather it appears that the PREA incident was reported to Defendant Weddington. Therefore, Mr. Newberry has not stated a cognizable Eighth Amendment claim against Defendant Weddington.

In addition, there is no constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure."). There is also no right to a response or any particular action. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance").

This claim is also subject to dismissal.

## IV. CONCLUSION

The Court has considered whether Mr. Newberry's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant

who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Newberry's allegations as currently plead, fail to state a claim upon which relief may be granted and as such his Complaint is subject to dismissal. The Court cannot say with certainty that amendment of Mr. Newberry's claims would be futile and will therefore, permit Mr. Newberry to amend if, consistent with Fed. R. Civ. P. 11.,[1] he can truthfully allege facts that would support a plausible claim for relief.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Once Mr. Newberry files an amended complaint, it replaces all his prior filings and the prior filings no longer serve a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Newberry fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. While Mr. Newberry may name additional defendants

---

[1] Rule 11(b) of the Federal Rules of Civil Procedure provides: By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

in an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.[2]

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Newberry believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Newberry's rights; (5) when the alleged actions took place; and (6) what injury Mr. Newberry suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371 72, 377 (1976).

Mr. Newberry must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Newberry must provide specific factual allegations for each element of each of his claims and must state with specificity to which

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

defendants each of his claims apply. If Mr. Newberry fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In describing the acts and/or omissions of individual defendants, Mr. Newberry is advised that Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell*, 436 U.S. at 691-94. This can be established in two ways. First, an individual can be held liable for his or her own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646

(9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093-94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691 94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Allegations against supervisors that resemble "bald" and "conclusory" allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Mr. Newberry must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206-07).

**B. Possible Dismissal**

If Mr. Newberry fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260 61 (court may dismiss an action for failure to comply with any order of the court).

**C. Address Change**

At all times during the pendency of this action, Mr. Newberry must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. On or before January 6, 2020, Mr. Newberry may file an amended complaint.

2. The Clerk of Court is directed to provide Mr. Newberry a form for filing an amended complaint.

DATED this 6th day of December, 2019.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge