IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY,<br><br>  Plaintiff,<br><br>vs.<br><br>CINDY HINER, CONNIE WINNER, DR. REESE, DR. HURST, WARDEN LYNN GUYER, BILL WEDDINGTON, and REGIOND MICHAELS,<br><br>  Defendants. | CV 19-00050-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jason Newberry filed an Amended Complaint (Doc. 6) pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The Court has considered whether Mr. Newberry's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Dismissal of Defendants Reese, Hurst, Scharf, and Winner is not appropriate at this time. These Defendants must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2).

Mr. Newberry did not name the State of Montana in his Amended Complaint, therefore the State of Montana should be dismissed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)(an amended complaint replaces all

1

prior filings and the prior filings no longer serve a function in the case.)

Further, Mr. Newberry failed to state a claim against Defendant Weddington.  Mr. Newberry alleges that Defendant Weddington's failure to do a full investigation into his PREA complaint violated PREA rules and DOC and MSP PREA policies causing him emotional distress.  (Amended Complaint, Doc. 6 at 12.)  Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal law." *Id*. (emphasis in original) (citing *Golden Stat Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). PREA, 42 U.S.C. §§ 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission.  It does not, however, give rise to a private cause of action." *Porter v. Jennings*, No. 1:10-cv-1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); *see also Blessing*, 520 U.S. at 340-41 (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms").  Since the PREA itself contains no private right of action, nor does it create a right enforceable under § 1983, Mr. Newberry's claims that his

rights under the PREA have been violated fail to state a claim.

Further, Mr. Newberry cannot state a claim under § 1983 for a violation of the state procedures for considering PREA complaints. Correctional officials retain discretion to review inmate grievances in the order and manner they deem most appropriate. An alleged failure to comply with state regulations does not state a constitutional claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Mr. Newberry's claims against Defendant Weddington should therefore be dismissed.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Reese, Hurst, Scharf, and Winner waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Defendants Reese, Hurst, Scharf, and Winner choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal

Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

* December 6, 2019 Order (Doc. 5);

* Amended Complaint (Doc. 6);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Newberry <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Newberry must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants State of Montana and Bill Weddington should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of April, 2020.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Mr. Newberry shall have an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY HINER, CONNIE WINNER, DR. REESE, DR. HURST, WARDEN LYNN GUYER, BILL WEDDINGTON, and REGIOND MICHAELS,<br><br>Defendants. | CV 19-00050-H-DLC-JTJ<br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO:   Legal Counsel for the Montana Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Amended Complaint (Doc. 6) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and they will have 60 days from the date this notice is sent to answer the Complaint. If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 7th day of April, 2020.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
    "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY HINER, CONNIE WINNER, DR. REESE, DR. HURST, WARDEN LYNN GUYER, BILL WEDDINGTON, and REGIOND MICHAELS,<br><br>Defendants. | CV 19-00050-H-DLC-JTJ<br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Amended Complaint (Doc. 6). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)