IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CINDY McGILLIS-HINER; CONNIE WINNER; DR. REES; DR. HURST; WARDEN LYNN GUYER; REGINALD MICHAEL; and MELISSA SCHARF,<br><br>　　　　Defendants. | Cause No. CV 19-50-H-DLC<br><br><br>ORDER |

On September 8, 2021, this Court entered judgment on all claims in Defendants' favor. On September 27, 2021, Newberry submitted a "motion to object" (Doc. 189). The Court will address the motion under Federal Rules of Civil Procedure 59(e) and 60(b).

Defendants did not respond to the motion. They were not required to do so. *See* Order (Doc. 110) at 1–2, 3 ¶ 1 (suspending D. Mont. L.R. 7.1(d)(1)(B)(ii) as to Defendants).

Newberry does not identify a procedural rule supporting his objection. The Court will construe it as a motion under Federal Rule of Civil Procedure 59(e).

1

Rule 59(e) is properly invoked when a party has newly discovered evidence that would likely change the outcome and that existed before judgment was entered but was not, despite reasonable diligence, timely discovered. *See, e.g.*, *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir. 1987); *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir. 2018). Newberry says medical staff at his new facility recently scheduled him to receive surgery. *See* Mot. to Object at 7, 12. (He previously contended that he was being transferred to the new facility in retaliation for filing this action. *See* Notice to Court (Doc. 183) at 1; Order (Doc. 187) at 48.) Referral for surgery now does not support an inference that the Defendants' continual attempts to treat Newberry's pain from August 2018 through the summer of 2020, *see* Order (Doc. 187) at 16–33, veiled their actual indifference to it. Newberry is not entitled to relief on this basis.

Rule 59(e) also allows a district court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It is not intended to allow a party another chance to make the same arguments it has already made, or even arguments that it could have made but did not. *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 at 127–28 (2d ed. 1995)); *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020).

Although a party misuses the Rule by rehashing its arguments, a court nonetheless has jurisdiction and discretion to be persuaded by them. *See, e.g.*, *4 Pillar Dynasty LLC v. New York & Co.*, 933 F.3d 202, 217 (2d Cir. 2019).

This Court, however, finds Newberry's arguments no more persuasive now than before. For instance, he asserts that he should have been able to subpoena his MRI and that the Defendants failed to give him discovery. *See, e.g.*, Mot. to Object (Doc. 189) at 4, 8, 10. The Court considered these issues and, for the reasons stated in the Order, found they did not affect the ruling on summary judgment. *See* Order (Doc. 187) at 34–38, 43–46.

Throughout this action, the Court has viewed Newberry's need for pain management as a serious medical need. *See id*. at 12–15. But his § 1983 claim primarily concerns the nature of Defendants' response to his pain. Newberry has not adduced evidence that a defendant caused him additional or unnecessarily prolonged pain by failing to take his pain seriously or failing to treat it in a medically acceptable manner. *See id*. at 34–40. Nor did he support his claim under the Americans with Disabilities Act. *See id*. at 41–43. Other claims Newberry mentions in his "Motion to Object," such as his reference to the cause (in 2009) of his back injury, his allegation that a doctor "winked" at him "in a sexual way," or prison staff's execution of COVID-19 protocols, never became part of this action. *See, e.g.*, *id*. at 2–3, 16 n.3.

The Court sees no reason to alter its previous analysis or decision. If Newberry believes the decision is unfair or wrong, his recourse lies in appeal. *See* Fed. R. App. P. 3, 4(a)(1)(A), 4(A).

As previously noted, *see* Order (Doc. 187) at 5–6, 48–49, Newberry did not seek and so was not granted leave to proceed in forma pauperis. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), however, the Court finds that Newberry's Rule 59 motion discloses no significant questions of fact or law. Appeal of the motion's denial could not be taken in good faith.

Accordingly, IT IS ORDERED:

1. Newberry's "Motion to Object" (Doc. 189), construed as a motion under Federal Rule of Civil Procedure 59(e), is DENIED.

2. The Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

DATED this 14th day of October, 2021.

_____
Dana L. Christensen, District Judge
United States District Court